UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CV-00171-BR

| | | |
|---|---|---|
| CALVIN TYRONE NORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COLUMBUS COUNTY DEPARTMENT OF | ) | |
| SOCIAL SERVICES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), (DE # 6), and plaintiff's motions to join a necessary party and amend his complaint, (DE ## 18, 20). Plaintiff filed a response in opposition to defendants' motion to dismiss, (DE # 19), to which defendants filed a reply, (DE # 21). Defendants also filed a brief in opposition to plaintiff's motions, (DE # 22), and plaintiff filed a reply, (DE # 25).

On 24 August 2017, plaintiff, proceeding *pro se*, filed the instant complaint against defendants alleging defendants conspired to deprive, and did deprive, him of his procedural due process rights in contravention of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and Article 1, Section 19 of the North Carolina Constitution. (DE # 1.) Plaintiff's claims stem from North Carolina state court proceedings in which plaintiff and defendant Columbus County Department of Social Services ("CCDSS") were participants. All individually named defendants are employees or attorneys of CCDSS. On 7 December 2015, plaintiff, proceeding *pro se*, filed in state court a motion seeking to modify his

child support obligations in Columbus County, North Carolina. (Id. at 6.) He subsequently amended his motion on 7 January 2016. (Id.) The matter came for hearing on 13 January 2016. (DE # 1-2.) During the hearing, "the Court had cause to question [plaintiff's] competency" and postponed the hearing until 23 February 2016 to allow further inquiry into plaintiff's competency and the need to appoint him a guardian ad litem. (Id.)

At the 23 February 2016 hearing, plaintiff, his former wife, and an employee of CCDSS testified regarding plaintiff's competency to represent himself. (Id.) After considering the testimony and multiple exhibits, the court determined plaintiff had sufficient capacity to represent himself and denied the appointment of a guardian ad litem. (Id.) Ultimately, plaintiff's motion for modification of child support was also denied. (DE # 1, at 8.)

Plaintiff appealed the court's orders. (Id.) On 18 July 2017, plaintiff's appeal was dismissed due to his failure to provide a complete record on appeal. Columbus Cty. Dep't of Soc. Servs. ex rel. Moore v. Norton, No. COA16-735, 2017 WL 3027482, at *1 (N.C. Ct. App. July 18, 2017). Plaintiff petitioned the North Carolina Supreme Court for discretionary review. Columbus Cty. Dep't of Soc. Servs. ex rel. Moore v. Norton, 804 S.E.2d 524 (N.C. 2017) (mem.). Plaintiff's petition was denied on 28 September 2017. Id.

While his petition was pending, plaintiff filed the instant action in this court, contending defendants failed to provide him with proper notice of the hearing on his competency, misled or coerced the state court during the competency hearing, and deprived him of the opportunity to have an attorney defend him during the proceeding. (DE # 1, at 10-22.) Defendants contend plaintiff's complaint should be dismissed based on the Rooker-Feldman doctrine, among other grounds. (DE # 7, at 11-12.) Because this doctrine implicates the court's subject matter jurisdiction, see Shooting Point, L.L.C. v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004), the court

2

considers it at the outset. In assessing defendants' facial challenge to subject matter jurisdiction, the court treats the facts alleged by plaintiff as true and must deny the challenge "if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (4th Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The doctrine is narrow. Id. at 464. It applies where a state court loser seeks redress in federal court for an injury caused by the state court order itself. Davani v. Virginia Dep't of Transp., 434 F.3d 712, 718-19 (4th Cir. 2006). Notably,

> the [ ] doctrine applies . . . even if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court. A claim seeking redress for an injury caused by the state-court decision itself—even if the basis of the claim was not asserted to the state court—asks the federal district court to conduct an appellate review of the state-court decision.

Id. at 719.

According to defendants, plaintiff's claims are an attempt to appeal or collaterally attack the state court judgment in violation of the doctrine. The court agrees. Plaintiff's present claims are premised upon alleged violations of his due process rights in the course of the state court hearing. Plaintiff's injuries stem from the state court's orders regarding plaintiff's competency and child support obligation. Indeed, on appeal, plaintiff "argue[d] the trial court erred by not following the proper procedure for determining his competency and abused its discretion in ruling there was no substantial change in [his] circumstances since the entry of the last child support order." Norton, 2017 WL 3027482, at *1.

3

For plaintiff to recover, this court would have to determine whether plaintiff's due process rights were in fact violated during the North Carolina district court proceeding. As such, plaintiff is challenging a state court decision, and the Rooker-Feldman doctrine prohibits a review by this court. Dennis, 546 U.S. at 460; Davani, 434 F.3d at 719.

Furthermore, plaintiff's motions to amend and join Columbus County as a necessary party are futile and must be denied because the proposed amendments do not cure the jurisdictional defect in the complaint. See United States ex rel. Ahumada v. NISH, 756 F.3d 268, 282 (4th Cir. 3014) (holding the district court did not err in concluding the plaintiff's attempt to amend his complaint would be futile where the proposed amended complaint did not plead a claim over which the court had subject matter jurisdiction).

Plaintiff's motions for leave to amend his complaint and to join a necessary party are DENIED. Defendants' motion to dismiss is GRANTED. The Clerk is DIRECTED to enter judgment and close this case.

This 9 March 2018.

_____
W. Earl Britt
Senior U.S. District Judge