UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-00171-BR

| | | |
|---|---|---|
| CALVIN TYRONE NORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| COLUMBUS COUNTY DEPARTMENT | ) | |
| OF SOCIAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for attorney's fees. (DE # 43.) Plaintiff filed a response in opposition to defendants' motion, (DE # 45), to which defendants filed a reply, (DE # 46).

Plaintiff, proceeding *pro se*, filed the instant complaint on 24 August 2017 alleging defendants deprived him of his procedural due process rights during North Carolina state court proceedings in contravention of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and Article 1, Section 19 of the North Carolina Constitution. (DE # 1.) Defendant Columbus County Department of Social Services ("CCDSS") participated in the state court proceedings and all individually named defendants here are employees or attorneys of CCDSS. The relevant state court proceedings began when plaintiff, appearing *pro se*, filed a motion to modify his child support obligations in Columbus County, North Carolina on 7 December 2015. (Id. at 6.) When the matter came on for hearing in January 2016, "the Court had cause to question [plaintiff's] competency" and thus, postponed the hearing until 23 February 2016 to allow further inquiry into his competency and the potential

need to appoint him a guardian ad litem. (DE # 1-2.) Ultimately, the court denied the appointment of a guardian ad litem, finding plaintiff had sufficient capacity to represent himself. (Id.) The court also denied plaintiff's motion for modification of his child support obligation. (DE # 1, at 8.) Plaintiff was unsuccessful in his appeal of these rulings. Columbus Cty. Dep't of Soc. Servs. ex rel. Moore v. Norton, No. COA16-735, 2017 WL 3027482, at *1 (N.C. Ct. App. July 18, 2017); see also Columbus Cty. Dep't of Soc. Servs. ex rel. Moore v. Norton, 804 S.E.2d 524 (N.C. 2017) (mem.).

Plaintiff instituted the current action contending defendants failed to provide proper notice of his competency hearing, misled the state court during that hearing, and deprived him of the opportunity to have an attorney present during that proceeding. (DE # 1, at 10–22.) On defendants' motion, this court dismissed all claims, finding that the court lacked jurisdiction over the claims pursuant to the Rooker-Feldman doctrine. (DE # 32, at 3–4.) Plaintiff appealed, and the Fourth Circuit Court of Appeals affirmed the dismissal. (DE ## 40, 41.)

Defendants request that plaintiff be required to pay attorney's fees pursuant to 42 U.S.C. § 1988(b) and this court's inherent powers. (DE # 43.) "Section 1988(b) confers discretion on courts to award attorneys fees to the prevailing party in an action brought, *inter alia*, 42 U.S.C. § 1983." DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir. 1999). A prevailing plaintiff should generally recover fees absent special circumstances; "[a] much stricter standard applies, however, when a court is requested to make such an award to a prevailing defendant." Unus v. Kane, 565 F.3d 103, 127 (4th Cir. 2009) (citation omitted). A prevailing defendant should not receive its fees "unless a court finds that [plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); see Hughes v. Rowe, 449 U.S.

2

5 (1980) (per curiam) (applying the Christiansburg standard to cases arising under § 1983). A plaintiff's claim is not necessarily unreasonable or groundless simply because he did not ultimately prevail. Christiansburg, 434 U.S. at 421–22.

"These limitations apply with special force in actions initiated by uncounseled [litigants]."[1] Hughes, 449 U.S. at 15. With regard to *pro se* plaintiffs, the Supreme Court has recognized that

> attorney's fees should rarely be awarded against such plaintiffs. The fact that a p[laintiff]'s complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. As the Court noted in Christiansburg, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.

Id. (citing Christiansburg, 434 U.S. at 422); see also Colbert, 960 F. Supp. at 89 (noting the awarded fees "are intended to send a message to plaintiffs who clearly cross the line by vexatiously pursuing litigation when it is reasonably clear to a lay person that the claims are not viable"). Additionally, when considering an attorney's fee award against a *pro se* plaintiff, the court may consider the plaintiff's financial means. DeBauche, 191 F.3d at 511 (citation omitted); Introcaso v. Cunningham, 857 F.2d 965, 969 (4th Cir. 1988). The policy behind 42 U.S.C. § 1988 "is not served by forcing the misguided [civil rights] plaintiff into financial ruin simply because he prosecuted a groundless case." Arnold v. Burger King Corp., 719 F.2d 63, 68 (4th Cir. 1983) (citation omitted).

Here, defendants contend that plaintiff's complaint relies on a meritless theory and is otherwise groundless. (DE # 44, at 6.) Relying on alleged conversations between plaintiff and

---

[1] Although the court made these statements in regard to prisoners, "[n]othing in the Hughes decision limits that holding to uncounseled prisoners." Colbert v. Yadkin Valley Tel. Membership Corp., 960 F. Supp. 84, 87 (M.D.N.C. 2007).

3

defendants' counsel, defendants' motion to dismiss, and plaintiff's prior litigation history, defendants claim that the frivolity of plaintiff's complaint "should have been abundantly clear to the Plaintiff." (Id. at 13.) Although the motivation and subjective belief of the plaintiff are not prerequisites to awarding fees, such factors "may shed light on the degree of frivolousness." Arnold, 719 F.2d at 66 (citing Christiansburg, 434 U.S. at 421). Here, as defendants acknowledge, plaintiff's understanding of the merits of his case remains misguided. Despite defendants' success on its motion to dismiss and the affirmation of the Fourth Circuit, plaintiff contends that the Fourth Circuit's ruling "clearly renewed the allegations sought against these defendants," (DE # 45, at 4), and "sets out Plaintiff a claim for 'fraud' against Defendants," (id. at 6). This is simply not the case and evidences plaintiff's continued misunderstanding of the legal deficiencies of his claim.

Although the court deemed plaintiff's claims barred by the Rooker-Feldman doctrine, the court is unwilling to exercise its discretion under the circumstances here to award fees or otherwise impose sanctions. The court lacked jurisdiction over plaintiff's claims and thus made no findings on the underlying merits of those claims. It is not evident that a lay person would know that the claims were barred by the Rooker-Feldman doctrine. Likewise, it is not evident that this *pro se* plaintiff was aware, or should have been aware, that the Rooker-Feldman doctrine prohibits jurisdiction by this court or that he filed this action in bad faith. It is, in fact, apparent that plaintiff does not recognize the deficiencies of his claims. Under these circumstances, he should not be punished for his failure to do so. Further, the court agrees with defendants' recognition that, to the extent plaintiff has the ability to pay an award of fees, the best use of those resources is to fulfill his child support obligations. Accordingly, defendants'

4

motion for attorney's fees is DENIED.

This 15 November 2018.

                                                                                     _____
                                                                                        W. Earl Britt
                                                                                        Senior U.S. District Judge